[Cite as *State v. Dudley*, 2015-Ohio-4712.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26630 |
| | : | |
| v. | : | T.C. NO. 05CR3565 |
| | : | |
| RONALD E. DUDLEY | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

## O P I N I O N

Rendered on the ___13th___ day of ____November___, 2015.

· · · · · · · · · · ·

DYLAN SMEARCHECK, Atty, Reg. No. 0085249, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

RONALD E. DUDLEY, #449-195, London Correctional Institute, P. O. Box 69, London, Ohio 43140
      Defendant-Appellant

· · · · · · · · · · · ·

DONOVAN, J.

{¶ 1} Defendant-appellant Ronald E. Dudley appeals, pro se, from a decision of the Montgomery County Court of Common Pleas, Criminal Division, which overruled his "Motion for Resentencing, Pursuant to Crim.R. 52(B) Trial Court Committed Plain Error in Failing to Conduct Allied Offense Analysis Under R.C. 2941.25 Prior to Sentencing." The trial court overruled Dudley's motion in a decision issued on March 6, 2015. Dudley filed a timely notice

of appeal with this Court on March 25, 2015.

## PROCEDURAL HISTORY

**{¶ 2}** We set forth the history of the case in *State v. Dudley,* 2d Dist. Montgomery No. 24408, 2012–Ohio–3844, and repeat it herein in pertinent part:

[On August 13, 2008,] a jury found Dudley guilty of rape, kidnapping, two counts of attempted rape, and gross sexual imposition. In August 2008, the trial court imposed an aggregate sentence of twenty to fifty years in prison. In a July 9, 2010 opinion on direct appeal, this court found no prejudice resulting from defense counsel's failure to file a motion to suppress statements Dudley made to police. In addition, this court rejected an argument that applying S.B. 10, Ohio's Adam Walsh Act, to Dudley was unconstitutional. *This court also held that Dudley's kidnapping and rape convictions did not merge for purposes of sentencing because a separate animus existed for each offense.* Finally, this court agreed with Dudley that his rape, attempted rape, and gross sexual imposition convictions should have been merged for sentencing. As a result, the cause was remanded for a new sentencing hearing for the State to elect which sex offenses to pursue. *See State v. Dudley,* 2d Dist. Montgomery No. 22931, 2010–Ohio–3240.[1] (Emphasis added).

The trial court held a new sentencing hearing on December 15, 2010. At

---

[1] We note that the record reflects that Dudley filed a new-trial motion on December 16, 2008, shortly after his conviction. The trial court overruled the motion on August 7, 2009. On August 31, 2009, Dudley filed a direct appeal from the denial of the new-trial motion and others. On September 3, 2010, this court overruled all of Dudley's assignments of error*, including one challenging the trial court's failure to merge his convictions for rape and kidnapping. See State v. Dudley,* 2d Dist. Montgomery No. 23613, 2010–Ohio–4152. (Emphasis added).

that time, the State elected to proceed with sentencing on the rape conviction. The trial court sentenced Dudley to an aggregate prison term of twenty to fifty years for the rape and kidnapping convictions. As it had done previously, the trial court designated Dudley as a Tier III sex offender under S.B. 10. During the hearing, the trial court also heard pro se argument from Dudley and orally overruled several motions he made, including a motion for reconsideration, a motion to suppress, and a motion to merge his rape and kidnapping convictions. Finally, although the trial court did not mention court costs during the resentencing hearing, its termination entry ordered Dudley to pay such costs.

*Id*. at ¶¶ 3, 4.

**{¶ 3}** Dudley appealed the trial court's decision, arguing that the rape and kidnapping convictions were allied offenses and should have been merged. We affirmed the decision of the trial court, finding again that the rape and kidnapping offenses were committed with a separate animus, and were, therefore, not subject to merger. *Dudley,* 2d Dist. Montgomery No. 24408, 2012–Ohio–3844, ¶ 7.

**{¶ 4}** The record establishes that on January 10, 2014, the U.S. District Court for the Southern District of Ohio, Western Division, denied and dismissed a writ of habeus corpus filed by Dudley. *Dudley v. Bunting*, S.D. Ohio No. 3:13-cv-58, 2014 WL 111137 (Jan. 10, 2014). Shortly thereafter, on June 25, 2014, Dudley filed the instant motion, wherein he again argued that his convictions for rape and kidnapping were allied offenses of similar import, and the trial court plainly erred by failing to hold a merger hearing regarding those particular offenses. After acknowledging that this Court had previously found that Dudley's kidnapping and rape convictions were committed with a separate animus and are not subject to merger, the trial court

found that his argument is barred by the doctrine of res judicata and overruled his motion for resentencing.

{¶ 5} It is from this decision that Dudley now appeals.

## ANALYSIS

{¶ 6} Dudley's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ERRED BY FAILING TO HOLD A MERGER HEARING COMMITTING PLAIN ERROR PURSUANT TO CRIM.R. 52(B) PER THE OHIO SUPREME COURT'S RULING [sic] V. STATE V. ROGER'S [sic] WHEN A SHOWING ON THE FACE OF THE RECORD INVOLVES MULTIPLE SENTENCES."

{¶ 8} In his sole assignment of error, Dudley argues that the trial court erred when it failed to hold a merger hearing because his convictions for rape and kidnapping were allied offenses, and therefore subject to merger.

{¶ 9} In support of his argument that he was entitled to a merger hearing before the trial court regarding his convictions for rape and kidnapping, Dudley relies on an opinion from the Eighth District Court of Appeals, *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.). In *Rogers*, the Eighth District found that the trial court has a duty to conduct an allied offense analysis when multiple charges facially present a question of merger under R.C. 2941.25. *Id.* at ¶ 27. A trial court, therefore, commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import. *Id* at ¶ 63. Thus, a defendant's failure to raise the allied offense issue at sentencing does not preclude the defendant from raising the issue on appeal. *Id*. at ¶ 39.

{¶ 10} The case was appealed to the Ohio Supreme Court, which affirmed in part and reversed in part the Eighth District's decision. The Ohio Supreme Court held in pertinent part:

An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860 ¶ 3.[2]

**{¶ 11}** As previously noted, however, we have addressed Dudley's argument in three separate opinions, and each time we have affirmed the judgment of the trial court, concluding that his convictions for rape and kidnapping were committed with a separate animus and do not merge. *State v. Dudley,* 2d Dist. Montgomery No. 22931, 2010–Ohio–3240 [direct appeal]; *State v. Dudley,* 2d Dist. Montgomery No. 23613, 2010–Ohio–4152; and *State v. Dudley,* 2d Dist. Montgomery No. 24408, 2012–Ohio–3844. This is not a matter of first impression for this Court. Therefore, the Ohio Supreme Court's holding in *Rogers* has no applicability to the instant case. Rather, this very issue has been thoroughly and repeatedly analyzed by this Court, and in each instance, we have unequivocally found that Dudley's convictions for rape and kidnapping were committed with a separate animus and do not merge.

---

[2] At the time Dudley filed the motion which forms the basis for the instant appeal, the Ohio Supreme Court had not yet issued its decision in *Rogers.* In fact, the Ohio Supreme Court's opinion in *Rogers* was not issued until shortly after Dudley filed his appellate brief with this Court. Accordingly, Dudley's appellate brief does not contain any citation to the Ohio Supreme Court's decision.

**{¶ 12}** "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Consequently, Dudley's contention that the trial court erred, plainly or otherwise, in failing to merge his convictions for rape and kidnapping is barred by the doctrine of res judicata. Thus, we conclude that the trial court did not err when it overruled Dudley's motion for resentencing pursuant to Crim.R. 52(B).

**{¶ 13}** Dudley's sole assignment of error is overruled.

## CONCLUSION

**{¶ 14}** Dudley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Dylan Smearcheck
Ronald E. Dudley
Hon. Barbara P. Gorman