[Cite as *State v. Hale*, 2017-Ohio-2844.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2016-0048 |
| NICHOLAS A. HALE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common
Pleas, Case No. CR2015-0325


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: May 16, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

D. MICHAEL HADDOX                         DAVID A. SAMS
PROSECUTING ATTORNEY                      Box 40
GERALD V. ANDERSON II                     West Jefferson, Ohio 43162
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702-0189

*Wise, John, J.*

**{¶1}** Appellant Nicholas Hale, Jr. appeals his sentence entered in the Muskingum County Court of Common Pleas following a jury trial and a finding of guilty on 15 felonies and 13 gun specifications.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENTS OF THE FACTS AND CASE</u>

**{¶3}** On October 7, 2015, Appellant, Nicholas Hale, was indicted on the following charges:

Count 1- Aggravated Burglary (F1) w/ gun specification

Count 2 - Felonious Assault (F2) w/gun specification

Count 3 - Felonious Assault (F2) w/gun specification

Count 4 - Discharging Firearm into Habitation (F2)

Count 5 - Kidnapping w/firearm specification (F1)

Count 6 - Kidnapping w/firearm specification (F1)

Count 7 - Kidnapping w/firearm specification (F1)

Count 8 - Kidnapping w/firearm specification  (F1)

Count 9 - Kidnapping w/firearm specification (F1)

Count 10 - Kidnapping w/firearm specification (F1)

Count 11- Felonious Assault w/firearm specification  (F2)

Count 12- Felonious Assault w/firearm specification  (F2)

Count 13 - Aggravated Burglary w/firearm specification (F1)

Count 14 - Aggravated Robbery w/firearm specification (F1)

Count 15 - Having Weapons Under Disability (F3)

{¶4} These charges stem from events which took place on October 27, 2015, October 28th and October 29th, 2015: The relevant facts are as follows:

{¶5} Counts 1, 2, and 3 involved the burglary of the home of Cody Cain on October 27, 2015. During the burglary, Appellant assaulted Cain, striking him about the head and face with the butt of Appellant's gun.

{¶6} On October 28, 2015, Appellant and Cody Cain's argument over drug money continued, and Appellant shot at Cain while he was in the street. Appellant's shot missed Cain, and instead hit the residence of Crystal Krause. (Count 4)

{¶7} The remaining counts arose from events which occurred on the following day, October 29, 2015, when Appellant invaded the home of Tammy Zumbro and demanded money allegedly owed to him for drugs. James Kirby was also in the home and Appellant assaulted Ms. Zumbro with his gun, knocking out 4 of her teeth, and struck both she and Mr. Kirby with a 2x4 piece of wood while holding them both hostage.

{¶8} Hours later, Susan Dupler, another resident, returned home and found the house locked. After being let in, Appellant grabbed Ms. Dupler, put a gun to her head and threatened to kill her. All three victims were held hostage for hours.

{¶9} Appellant locked Ms. Zumbro and Mr. Kirby in a laundry room and took a nap. While Appellant was asleep, Ms. Dupler retreated to a back bedroom and snuck out a window, ran to a neighboring house and called the police. Appellant continued this hostage situation for a few more hours while in a standoff with the police. Eventually, Appellant allowed Ms. Zumbro and Mr. Kirby to exit the residence. Officers tear-gassed the residence, and Appellant exited and surrendered to the police.

{¶10} On August 2, 2016, a jury trial commenced in this matter.

**{¶11}** On August 4, 2016, Appellant was found guilty on all counts.

**{¶12}** On August 5, 2016, a sentencing hearing was held. At sentencing, the prosecutor stated that Appellant invaded people's homes to collect $200, shot up a woman's home, savagely beat, kidnapped, and robbed three people who did nothing wrong to him. Once apprehended, Appellant continued his criminal behavior, assaulting guards in the jail, vandalized the jail, planned escapes, worked with his brother to destroy evidence, and had his brother go out and threaten witnesses and victims, who live in fear based on what he's done. (Sentencing Hearing, p. 4).

**{¶13}** The trial court also heard from defense counsel and Appellant, who related mitigating factors for the judge to consider. The trial court then read two victim impact letters, one written by Ms. Krause, the other by Ms. Dupler. The trial court then reviewed Appellant's criminal history, noting that Appellant was currently serving time for a conviction for assaulting a corrections officer while in jail on this case, and that he also had a pending vandalism charge. The trial court noted that Appellant's criminal convictions began when he was ten years old and continued to the present day.

**{¶14}** On August 4, 2016, the trial court sentenced Appellant to an aggregate prison sentence of 51 years:

Count 1- Aggravated Burglary w/ gun spec: 11 yrs + 3

Count 2 - Felonious Assault w/firearm spec: 8 yrs + 3

Count 3 - Felonious Assault w/firearm spec: 8 yrs + 3

Count 4 - Discharging Firearm into Habitation: 8 yrs

Count 5 - Kidnapping w/firearm spec: 11 yrs +3

Count 6 - Kidnapping w/firearm spec: 11 yrs + 3

Count 7 - Kidnapping w/firearm spec: 11 yrs + 3

Count 8 - Kidnapping w/firearm spec: merged w/5, 6 &7

Count 9 - Kidnapping w/firearm spec: merged w/5, 6 & 7

Count 10 - Kidnapping w/firearm spec: merged w/5, 6 & 7

Count 11- Felonious Assault w/firearm spec: 8 yrs + 3

Count 12- Felonious Assault w/firearm spec: 8 yrs + 3

Count 13 - Aggravated Burglary w/firearm spec- 11 yrs + 3

Count 14 - Aggravated Robbery w/firearm spec: 11 yrs + 3

Count 15 - Having Weapon Under Disability: 3 yrs

{¶15} Counts 1, 2 and 3 were concurrent with each other, but consecutive to everything else, and the specifications in 2 and 3 consecutive to each other and to everything else. Counts 5, 6 and 7 were concurrent with each other, but consecutive to everything else, and the specifications consecutive to each other and to everything else. Count 8, 9 and 10 were merged with counts 5, 6 and 7, and the state elected on 5, 6 and 7. Counts 11 and 12 were concurrent with each other, but consecutive to everything else, and the specifications consecutive to each other and to everything else. (Sentencing Hearing, p. 11-18).

{¶16} Appellant now appeals, setting forth the following assignments of error:

## ASSIGNMENTS OF ERROR

{¶17} "I. THE TRIAL COURT ERRED UNDER R.C. 2929.14(C)(4) WHEN IMPOSING CONSECUTIVE TERMS TOTALING 51 YEARS.

{¶18} II. THE TRIAL COURT ERRED UNDER R.C. 2941.25 WHEN IMPOSING CONSECUTIVE TERMS FOR THE FELONIOUS ASSAULT COUNTS OF 11 AND 12 AND THE KIDNAPPING COUNTS OF 5, 6 AND 7.

{¶19} "III. THE TRIAL COURT ERRED UNDER R.C. 2941.25 WHEN IMPOSING CONSECUTIVE TERMS FOR MULTIPLE GUN SPECIFICATIONS ATTENDANT TO CONCURRENT UNDERLYING TERMS."

**I.**

{¶20} In his First Assignment of Error, Appellant argues that the trial court erred in imposing consecutive sentences pursuant to R.C. §2929.14(C)(4). We disagree.

{¶21} R.C. §2929.14(C)(4) reads:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** Appellant does not argue that the trial court failed to make the requisite findings pursuant to R.C. §2929.14(C)(4), rather Appellant argues that the length of his sentence is disproportionate to the actual physical harm to the victims and that the length of his sentence is tantamount to a life sentence.

**{¶23}** Upon review, we find that the physical harm is only one of the factors for the trial court to consider in imposing sentence. R.C. §2929.12(B)(2). The trial court also considered the number of victims, Appellant's conduct and the violent nature of the crimes, the physical and psychological harm caused to the victims and Appellant's lengthy criminal history. The trial court specifically found that the harm caused to multiple victims was so great or unusual that no single sentence would adequately reflect the seriousness of the conduct.

**{¶24}** Based on the record in this case, we do not find that the trial court abused its discretion in imposing consecutive sentences herein.

**{¶25}** Appellant's First Assignment of Error is overruled.

**II.**

{¶26} In Appellant's Second Assignment of Error he argues that the trial court erred in failing to merge Counts 11 and 12 (Felonious Assault) with Counts 5, 6 and 7 (Kidnapping). We disagree.

{¶27} Appellant maintains the trial court failed to find these charges were allied offenses of similar import, arguing that they were part of the same break-in and had the same financial motive.

{¶28} R.C. §2941.25, Multiple counts, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶29} In *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶30}** The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses:

(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm,

(2) the offenses were committed separately, and

(3) the offenses were committed with separate animus or motivation.

* * *

An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

**{¶31}** Upon review of the record, we find Appellant failed to object at sentencing as to Counts 11 and 12 and Counts 5, 6, and 7 being allied offenses.

**{¶32}** When an accused fails to seek the merger of his or her convictions as allied offenses of similar import in the trial court, the accused forfeits his or her allied offenses

claim for appellate review. *State v. Rogers*, 143 Ohio St.3d 385. "[F]orfeiture is the failure to timely assert a right or object to an error, and * * * 'it is a well-established rule that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." ' " *Id.* at ¶ 21.

{¶33} Further, this Court finds that the offenses of kidnapping and felonious assault in this case were not allied offenses requiring merger.

{¶34} The offense of kidnapping is defined in R.C. §2905.01(A)(1), in relevant part, as follows:

(A) No person, by force, threat, or deception, * * * by any means,

shall remove another from the place where the other person is found or

restrain the liberty of the other person, for any of the following purposes:

(1) To hold for ransom, or as a shield or hostage;

{¶35} The offense of felonious assault is defined in R.C. §2903.11(A)(1), which provides,

(A) No person shall knowingly …

(1) Cause serious physical harm to another or to another's unborn;

{¶36} We find that the acts of holding the victims hostage for hours is separate and distinct from the acts of hitting one of the victims with the butt of the gun and two of the victims in the head with a 2x4 board.

{¶37} We find no error in the trial court not merging the counts for purposes of sentencing.

**{¶38}** Appellant's Second Assignment of Error is overruled.

III.

**{¶39}** In his Third and final Assignment of Error, Appellant argues that the trial court erred in imposing consecutive sentences for the multiple firearm specifications. We disagree.

**{¶40}** Here, the trial court ordered the firearm specifications on seven (7) of the counts to run consecutively.

**{¶41}** R.C. §2929.14(B)(1)(g) provides:

If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall* impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, *in its discretion*, also *may impose on the offender the prison term specified under that division for any or all of the remaining specifications.*" (emphasis added).

**{¶42}** Appellant argues that the specifications should have followed how the attendant charges were sentences.

**{¶43}** Upon review of the cases cited by Appellant, we find that those cases involved the merger of allied offenses, not how specifications to counts running concurrent or consecutive should run.

**{¶44}** Based on the number of victims, the number of serious crimes committed by Appellant, and the violent nature of those crimes, we find no abuse of discretion in the trial court's imposition of consecutive sentences on seven firearm specifications in this matter.

**{¶45}** Appellant's Third Assignment of Error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, John, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0425