DeWine, J., concurring in part and dissenting in part.
*1077 {¶ 268} I concur in the majority opinion save for its remand for consecutive-sentence findings. The majority upholds the trial court's conclusion that Richard Beasley's conduct was sufficiently serious to merit three death sentences; yet it sends the case back for the trial court to make findings about whether he was dangerous enough, and his conduct serious enough, to warrant consecutive sentences for his noncapital crimes. Beasley did not object to the trial court's consecutive-sentence findings, and I would hold that any defects in the findings did not amount to plain error.
The Consecutive-Sentence Issue Is Subject to Plain-Error Review
{¶ 269} The majority remands for a new sentencing hearing because the trial court made only two of the three required statutory findings when it imposed consecutive sentences for the noncapital offenses. See R.C. 2929.14(C)(4). Specifically, the majority remands because the trial court failed to say at the hearing that consecutive sentences would not be disproportionate to the seriousness of Beasley's conduct and the danger he poses to the public.
{¶ 270} Missing from the majority's analysis is any mention of Beasley's failure to object to the consecutive sentences during the sentencing hearing when they were imposed. "Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Peagler , 76 Ohio St.3d 496, 499, 668 N.E.2d 489 (1996).
{¶ 271} Requiring that error be preserved by objection at the trial court
*547 affords an opportunity for correction and avoidance in the trial court in various ways: it gives the adversary the opportunity either to avoid the challenged action or to present a reasoned defense of the trial court's action; and it provides the trial court with the alternative of altering or modifying a decision or of ordering a more fully developed record for review.
Pfeifer v. Jones & Laughlin Steel Corp. , 678 F.2d 453, 457 (3d Cir.1982), fn. 1, vacated and remanded on other grounds sub nom. Jones & Laughlin Steel Corp. v. Pfeifer , 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). Had Beasley objected during the sentencing hearing, his challenge regarding the missing finding could have been easily remedied. The trial court could have explicitly stated that the "consecutive sentences [were] not disproportionate to the seriousness of [Beasley's] conduct and to the danger [he] poses to the public," R.C. 2929.14(C)(4), or the court could have imposed concurrent sentences.
{¶ 272} When a party fails to preserve an error, an appellate court reviews only for plain error under Crim.R. 52(B). The rule that the failure to raise an error forfeits all but plain error extends to errors that occur during sentencing hearings. State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 28.
{¶ 273} A court will find plain error only when "(1) there was an error or deviation from a legal rule, (2) the error was plain *1078 and obvious, and (3) the error affected the outcome of the trial." State v. Mohamed , 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 26. Plain error should be noticed only " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " State v. Clayton , 62 Ohio St.2d 45, 47, 402 N.E.2d 1189 (1980), quoting State v. Long , 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. The burden of demonstrating plain error is on the party asserting it. State v. Payne , 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17. Here, Beasley has not even asserted plain error, much less endeavored to demonstrate it. But even if we construe his proposition of law about the consecutive sentences to assert plain error, his argument fails.
{¶ 274} Beasley's assertion of error is based upon this court's holding in State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. In that case, this court held that in order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." Id. at syllabus.
{¶ 275} (There is good reason to question Bonnell 's holding. Nothing in the specific subsection relevant here, R.C. 2929.14(C)(4), or in the rest of R.C. 2929.14 *548 requires a trial court to announce its findings at the sentencing hearing and to incorporate those findings in its entry. Nor are such requirements found in the sentencing-hearing statute, R.C. 2929.19. Moreover, the statute governing sentencing appeals, R.C. 2953.08(G)(1)(a), explicitly provides that if a sentencing court failed to state findings required under R.C. 2929.13(B), 2929.13(D), 2929.14(B)(2)(e), or 2929.20(I), the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." Conspicuously absent from the list of findings that require remand if not made are the R.C. 2929.14(C)(4) consecutive-sentence findings at issue in Bonnell and in this case. Nonetheless, because the consecutive-sentence question here is easily resolved under plain-error analysis, these concerns are best left for another day.)
{¶ 276} Bonnell does not say whether the defendant in that case raised any objection to the trial court's consecutive-sentencing findings. (Good guess that he didn't, or the trial court would have simply recited the statutory language.) But regardless, the court did not address whether a trial court's failure to recite the findings at the hearing should be subject to plain-error review. There is nothing in Bonnell , however, that would override the general principle that errors that could have been avoided had they been called to the attention of the trial court are subject to review only for plain error. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 21-22. And a " 'reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.' " (Ellipsis sic.) Payne , 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 11, quoting State ex rel. Gordon v. Rhodes , 158 Ohio St. 129, 107 N.E.2d 206 (1952), paragraph one of the syllabus. Indeed, subsequent to Bonnell , we reiterated our rejection of "the notion that there is any category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome." Rogers at ¶ 24, citing State v. Perry , 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 23.
There Is No Plain Error
{¶ 277} To succeed under plain-error analysis, Beasley must show that absent *1079 the error, the outcome would have been different. This would seem a difficult showing in any consecutive-sentence-finding challenge. Under Bonnell , a trial court is not required to state its reasons for imposing consecutive sentences; it must only recite the necessary findings. Id. , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus (a trial court "has no obligation to state reasons to support its findings"). Thus, a defendant would need to show that if the trial court had gone through the exercise of reciting the statutory findings at the hearing, consecutive sentences would not have been imposed. *549 {¶ 278} Here, that outcome is almost impossible to fathom. Immediately before imposing consecutive sentences, the trial court had found with respect to the three capital offenses that the aggravating factors outweighed the mitigation and imposed three death sentences. Surely, it is beyond unlikely that the same trial court would have found that the danger Beasley posed to the public and the seriousness of his crimes were not enough to warrant consecutive sentences for the noncapital offenses. Beasley has failed to demonstrate that sending this case back for the judge to recite the magic words-consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public-will change the outcome.
{¶ 279} Maybe Beasley's argument is that had the court made the findings, he could have challenged whether the record supported those findings. (He makes no argument in his brief that the findings were not supported by the record.) But by sentencing Beasley to consecutive sentences, the court implicitly found that the R.C. 2929.14(C)(4) factors were present. Because reasons behind the findings are no longer required to be stated, any challenge to a finding that consecutive sentences were not disproportionate-and it is hard to imagine how Beasley could mount such a challenge on this record-would not be affected by the court's failure to recite the statutory language. Beasley cannot demonstrate plain error.
Conclusion
{¶ 280} Beasley has not shown that the trial court's failure to state its findings on the record and incorporate them into the sentencing entry was plain error. I would affirm the court's imposition of consecutive sentences.