[Cite as *State v. DeGarmo*, 2019-Ohio-4050.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. CT2018-0061 |
| DANNY DeGARMO | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2018-0285 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | October 1, 2019 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX<br>PROSECUTING ATTORNEY<br>TAYLOR P. BENNINGTON<br>ASSISTANT PROSECUTOR<br>27 North Fifth Street, P.O. Box 189<br>Zanesville, Ohio 43702-0189 | JAMES A. ANZELMO<br>446 Howland Drive<br>Gahanna, Ohio 43230 |

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Danny DeGarmo appeals his conviction and sentence entered by the Muskingum County Court of Common Pleas on two counts of gross sexual imposition and one count of abduction following a guilty plea.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** The facts and procedural history are as follows.

**{¶4}** On February 2, 2016, Mary R. reported that her then thirteen ( 13) year old daughter, "J.M.C.S.", had reported that Danny DeGarmo, "Appellant," had touched her with his penis in her private area when she was about six (6) years old and in kindergarten; this would have been between August 15, 2008, and June 1, 2009. (Plea T. at 11).

**{¶5}** J.M.C.S. stated the event occurred inside a garage next to Mary's mother's house in Frazeysburg, Muskingum County, Ohio. Appellant is Mary R.'s brother. J.M.C.S. stated she had not told anyone about this incident because she was afraid. (Plea T. at 12).

**{¶6}** J.M.C.S. was interviewed at CAC on June 21, 2016. J.M.C.S. stated that when she was six (6) years old, Appellant was in the garage next to her grandmother's house. J.M.C.S. went into the garage to tell Appellant she was going to a friend's house. As she was leaving, Appellant grabbed her arm and pulled her back into the garage and pulled her on top of him while he was sitting on a metal folding chair. The child was facing him and she heard him unbutton and unzip his jeans. She stated that he moved the layer of her shorts over and rubbed his penis on the skin of her vagina. She stated that his

penis only touched the outside of her vagina. J.M.C.S. stated that it felt "nasty, gross and weird", and that she did not like it. (Plea T. at 12). J.M.C.S. stated that at that time her grandmother then yelled for her, asking where she was, and that Appellant yelled back and said the child had gone to a friend's house. Appellant then told the child that he would hurt her if she told anyone. (Plea T. at 12-13).

{¶7} On May 17, 2018, Appellant was indicted on one count of Gross Sexual Imposition, a felony of the third degree, in violation of R.C. §2907.05(A)(4), one count of Gross Sexual Imposition, a felony of the third degree, in violation of R.C. §2907.05(A)(1), and one count of Kidnapping, with a sexual motivation specification and a sexually violent predator specification, a felony of the first degree, in violation of R.C. §2905.01(A)(4).

{¶8} On August 3, 2018, Appellant entered a plea of guilty to: Count One: Gross Sexual Imposition, a felony of the third degree, in violation of R.C. §2907.05(A)(4), Count Two: Gross Sexual Imposition, a felony of the third degree, in violation of R.C. §2907.05(A)(1), and Count Three: Abduction, a felony of the third degree, in violation of R.C. §2905.02(A)(1).

{¶9} On September 17, 2018, the trial court sentenced Appellant as follows:

Count One: a stated prison term of 60 months

Count Two: a stated prison term of 60 months

Count Three: a stated prison term of 36 months

{¶10} The periods of incarceration were ordered to be served consecutively to each other and consecutively to a prison sentence he is currently serving on an unrelated offense.

{¶11} Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶12} "I. DANNY DEGARMO DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶13} "II. THE TRIAL COURT ERRONEOUSLY FAILED TO MERGE DEGARMO'S GROSS SEXUAL IMPOSITION OFFENSES, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶14} "III. THE TRIAL COURT ERRONEOUSLY FAILED TO MERGE DEGARMO'S GROSS SEXUAL IMPOSITION OFFENSES WITH THE ABDUCTION OFFENSE, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

{¶15} "IV. DEGARMO RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**I.**

{¶16} In his first assignment of error, Appellant argues that his guilty plea was not made knowingly, intelligently or voluntarily.

{¶17} At the oral argument proceedings held on July 30, 2019, Appellant, through counsel, withdrew this first assignment of error.

**{¶18}** Accordingly, we need not address this assignment of error.

**II.**

**{¶19}** In his second assignment of error, Appellant argues the trial court erred in failing to merge the two gross sexual imposition offenses with each other. We agree.

**{¶20}** Appellant herein pled guilty to two offenses of gross sexual imposition, in violation of R.C. §2907.05(A)(4) and (A)(1), which provides:

**{¶21}** R.C. § 2907.05 Gross Sexual Imposition

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

(2) The offender knows that the other person's, or one of the other person's, ability to appraise the nature of or control the offender's or touching person's conduct is substantially impaired.

(3) The offender knows that the other person, or one of the other persons, submits because of being unaware of the sexual contact.

(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.

**{¶22}** "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. § 2907.01(B).

**{¶23}** Here, the trial court sentenced Appellant to sixty (60) months on each count of Gross Sexual Imposition and ordered the sentences be served consecutively. Appellant argues that the two charges should have merged for purposes of sentencing because the charges were allied offenses of similar import.

**{¶24}** R.C. §2941.25, Ohio's allied offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶25}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio explained that "the same conduct can be separately punished if that conduct constitutes offenses of *dissimilar* import." *Id.* at ¶ 20, citing R.C. §2941.25(B). Offenses are dissimilar in import "when the defendant's conduct constitutes offenses

involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at paragraph two of the syllabus.

**{¶26}** Intimate sexual contacts with a victim that constitute the offense of gross sexual imposition may be treated as separate offenses for the purposes of R.C. §2941.25(B) in at least two instances: (1) where the evidence demonstrates either the passage of time or intervening conduct by the defendant between each incident; and (2) where the evidence demonstrates the defendant's touching of two different areas of the victim's body occurred in an interrupted sequence. *State v. Tate* (2000), Cuyahoga App. No. 77462.

**{¶27}** At the sentencing hearing, the State explained the two charges as follows:

Prosecutor: … and Mr. DeGarmo, in a garage, grabbed her and pulled her back, holding her onto his person and then utilizing his penis to touch the outside of her vagina. So the causing of her to touch his penis is one gross sexual imposition charge; the touching of her vagina is a second gross sexual imposition charge.

They – the two charges, the two acts, occurred at the same time, but they do encapsulate two different means by which gross sexual imposition is committed. (Sent. T. at 3-4).

**{¶28}** Similarly, defense counsel, argued:

Counsel: So finally, the only question is, should those sentences run concurrent or consecutive to each other. And I would ask the Court to consider that. This was one incident. I know it was one incident that was charged several ways. But it was one contact, one time with one victim.

There was not separate criminal animus that he was both going to touch her with is penis and also separately touch her vagina. It was one act.

I think that screams that the counts in this case should run concurrent to each other. (Sent. T. at 7-8).

**{¶29}** Although Appellant's counsel did argue for concurrent sentences for the two counts of gross sexual imposition, he did not raise the issue of allied offenses.

**{¶30}** In *State v. Rogers,* 143 Ohio St.3d 385, the Ohio Supreme Court held that where a defendant fails to seek the merger of his convictions as allied offenses of similar import in the trial court, he forfeits any allied offenses claim, except to the extent it constitutes plain error. *Rogers* at ¶ 21–25, citing *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15–16. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22. The defendant "bears the burden of proof to demonstrate plain error on the record." *Id.,* citing *Quarterman* at ¶ 16. To demonstrate plain error, the defendant must show " 'an error, i.e., a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings' " and that the error affected a substantial right, i.e., the defendant must demonstrate a "reasonable probability" that the error resulted in prejudice, affecting the outcome of the trial. *Rogers* at ¶ 22, quoting *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "We recognize plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Lyndhurst v. Smith,* 8th Dist. Cuyahoga No. 101019, 2015-Ohio-2512, 2015 WL 3899130, ¶ 32, quoting *State v. Landrum,* 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

{¶31} Upon review of the indictment and the statements made by the prosecutor at the sentencing hearing, and applying *Ruff*, supra, we find that the two counts of gross sexual imposition should have merged for purposes of sentencing. The two counts were of similar import, they were committed at the same time and were not committed with a separate animus or motivation.

{¶32} Here, the trial court imposed a sixty (60) month sentence on each of the gross sexual imposition counts and thirty-six (36) months on the abduction count. The sentences for all counts were ordered to be served consecutively. The order of consecutive service means that recognition of plain error would affect the length of Appellant's sentence. We therefore find a manifest miscarriage of justice would occur if the counts were not merged.

{¶33} Based on the above, we find Appellant's second assignment of error well-taken. Appellant's second assignment of error is sustained.

### III.

{¶34} In his third assignment of error, Appellant argues the trial court erred in failing to merge the gross sexual imposition offenses with the abduction charge. We disagree.

{¶35} In addition to the two counts of gross sexual imposition, Appellant also plead guilty to one count of Abduction, in violation of R.C. §2905.02……, which provides:

{¶36} R.C. §2905.02 Abduction

(A) No person, without privilege to do so, shall knowingly do any of the following:

(1) By force or threat, remove another from the place where the other

person is found;

**{¶37}** Again, we note that the record reflects that Appellant has forfeited all but plain error with regard to the allied offenses argument. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, 21 (a defendant who fails to raise an allied offense issue in the trial court forfeits all but plain error); *State v. Clarke*, 8th Dist. Cuyahoga No. 105047, 2017-Ohio-8226, 2017 WL 4711959, ¶ 26–27. "A forfeited error is not reversible error unless it affected the outcome of the proceedings and reversal is necessary to correct a manifest miscarriage of justice." *State v. Amison*, 8th Dist. Cuyahoga No. 104728, 2017-Ohio-2856, 2017 WL 2241655, ¶ 4. If a defendant fails to raise the issue of allied offenses at the trial court level, "the burden is solely on that defendant, not on the state or the trial court, to 'demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus.' " *State v. Locke*, 8th Dist. Cuyahoga No. 102371, 2015-Ohio-3349, 2015 WL 4997202, ¶ 20, quoting *Rogers* at ¶ 3.

**{¶38}** In the instant matter, we cannot say that the trial court committed plain error in failing to merge the gross sexual imposition and abduction counts for sentencing purposes because the offenses caused separate, identifiable harm. The abduction offense occurred separately from the gross sexual imposition when the victim was forcefully pulled into the garage and was not allowed to leave. This emotional and physical harm is dissimilar to that experienced by the victim when he touched her vagina with his penis.

**{¶39}** Based on the foregoing analysis, we find that the trial court did not err when it did not merge the gross sexual imposition and abduction counts and imposed consecutive sentences for the two offenses of dissimilar import. Accordingly, Appellant's third assignment of error is overruled.

**IV.**

**{¶40}** In his fourth assignment of error, Appellant claims that he was denied the effective assistance of counsel. We disagree.

**{¶41}** Specifically, Appellant argues that his counsel was ineffective for failing to move the trial court to merge the gross sexual imposition offense with each other and with the abduction offense. Appellant also argues that counsel should have requested the trial court waive court costs.

**{¶42}** The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. Courts employ a two-step process to determine whether the right to effective assistance of counsel has been violated. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were as serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.*

**{¶43}** In this matter, we have determined that the two Gross Sexual Imposition convictions must be merged and that the gross sexual imposition offenses and abduction offense are not allied offenses, so this aspect of the assigned error is moot.

**{¶44}** With regard to Appellant's argument that his trial counsel failed to request that the trial court waive court costs, this Court rejected such an argument in *State v. Davis,* 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445. We have continued to follow our *Davis* holding in this regard, most recently in *State v. Ross*, 5th Dist. Muskingum No. CT2018-0047, 2019-Ohio-2472, ¶ 60. The present issue remains pending before the Ohio Supreme Court on a certified conflict between *Davis*, *supra*, and *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861.

**{¶45}** In *State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, we held that unless an Ohio Supreme Court decision is rendered on this issue to the contrary in the future, we would continue to abide by our decision in *Davis. Ramsey at* ¶ 46.

**{¶46}** Accordingly, we herein hold Appellant was not deprived of the effective assistance of trial counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

**{¶47}** Accordingly, this assigned error is without merit

**{¶48}** Appellant's fourth assignment of error is overruled.

**{¶49}** Accordingly, the judgment of the Muskingum County Court of Common Pleas, Muskingum, Ohio, is affirmed in part and reversed in part. The sentences imposed for the two gross sexual imposition counts are reversed, and the matter is remanded for resentencing on whichever of those two counts survives the state's election.

By: Wise, John, P. J.

Baldwin, J., concurs.

Wise, Earle, J., dissents.

JWW/d 0821

*Wise, E, J. concurring in part, dissenting in part.*

{¶ 50} I concur fully in the resolution of the first two assignments of error.

{¶ 51} I respectfully dissent as to the third assignment of error.

{¶ 52} I concur in part and concur separately in part as to the fourth assignment of error.

## Assignment of Error III

## Merger question: GSI and Abduction

{¶ 53} I agree that plain error is required for reversal. I agree with the standard and procedure set forth by the majority for review of plain error at paragraphs 30 and 37 -- that appellant must show the convictions were the result of the same conduct without separate animus.

{¶ 54} As stated at paragraph six of the majority opinion, the victim went into a neighbor's garage to speak briefly with the neighbor, the appellant. As she began to leave the garage, appellant grabbed her arm and pulled her back into the garage. He lifted her onto his lap and touched his penis to the outside of her vagina. The child's grandmother yelled for her, trying to determine her location. Appellant shouted back saying the child has gone to a friend's house. Appellant said to the child that he would hurt her if she told anyone.

{¶ 55} At paragraph 38 the majority finds the act of pulling the child back into the garage and restraining her on his lap is separate conduct from the act of touching her sexually.

{¶ 56} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court set forth the test as to when multiple convictions should merge as allied offenses of similar import.

> As a practical matter, when determining whether offense are allied offense of similar import within the meaning of R.C. 2941.25, courts must ask three question when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶31.

{¶ 57} The answers to these questions are not always clearly distinct. The concepts tend to overlap and blend together depending on the facts. In the instant case the important concepts are the restraint of the abduction charge and the sexual contact of the gross sexual imposition. Do the facts support a finding that the convictions are the result of the same conduct with the same animus?

{¶ 58} In *State v. Powih*, 2nd Dist. Brown No. CA2016-11-023, 2017-Ohio-7208 the Second District analyzed a similar issue under the plain error standard to determine if a rape and an abduction conviction should merge. In that matter, the defendant entered

a room where the victim was located. The defendant locked the door, grabbed the victim's arm spun her around and spanked her buttocks. He then pulled her pants and underwear down, spanked her naked buttocks, and inserted his finger into her vagina. The appellate court found the restraint was incidental to the rape and undifferentiated by time, place, or circumstance. *Id.* at ¶43.

{¶ 59} The court in *Powih* cited two additional cases; *State v. Patel* 2nd Dist. Greene No 2010-CA-77, 2011-Ohio-6529 ¶88 (offender entered a bathroom, locked the door and put his hand down victim's pants); *State v. Hernandez* 12th Dist. Warren No. CA2010-10-098, 2011-Ohio-3765 (offender grabbed the victim pushed her into a hotel room, locked the door, forced her onto the bed, and then forcefully raped her several times. The court found the acts constituting abduction were incidental to and for the purpose of committing the rapes and had no separate significance.)

{¶ 60} The Supreme Court of Ohio, in *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979) set forth the guideline for determining the presence of separate animus. *Logan* involved a kidnapping and rape conviction. Appellant approached the victim on the street and at knife point, forced her into an alley and down a set of stairs to a secluded location where she was compelled to have sexual intercourse at knife point. After the rape she was released. The court found no separate animus or substantial risk of harm between the two offenses:

> The primary issue, however, is whether the restraint or movement of
> the victim is merely incidental to a separate underlying crime or,
> instead, whether it has a significance independent of the other

offense. In the instant case, the restraint and movement of the victim had no significance * * * apart from facilitating the rape. The detention was brief, the movement was slight, and the victim was released immediately following the commission of the rape. In such circumstances, we cannot say that appellant had a separate animus to commit kidnapping.

* * *

Looking at the facts in this case, we cannot find that the asportation of the victim down the alley to the place of rape presented a substantial increase in the risk of harm separate from that involved in the rape.

*Logan* at 135.

{¶ 61} Turning to the instant matter, first, were the offenses dissimilar in import or significance in the instant case? My answer is no. The purpose of the restraint was for the sexual contact. Appellant physically prevented the victim from walking away by grabbing her by the arm, picking her up, setting her on his lap, and moving her clothes aside. The import of the restraint was to facilitate the sexual contact. There was no significance to the restraint other than to engage in gross sexual imposition.

Next, were they committed separately? Again, no. The victim was not transported to a separate location or held for an extended period of time. This was one continuous act;

the grabbing and holding of the victim was implicit in the gross sexual imposition and was contemporaneous in time and location.

{¶ 62} Finally, were the acts committed with separate animus or motivation? No. This question blends significantly into question number one. Appellant's motivation was clear. He picked her up for the purpose to make physical contact between his penis and her vagina. He did this and then released her. Although he did make a threat to the victim not to tell anyone, that does not change the purpose of the restraint.

{¶ 63} From these facts and the above cited case law I would find the grabbing and holding of the child is the same conduct which facilitated the sexual contact. There is no separate animus for the restraint. It was solely to facilitate the underlying offense of gross sexual imposition. Therefore, I would find error that is correctable if it created a manifest miscarriage of justice.

{¶ 64} I would find the same manifest miscarriage of justice as in the second assignment of error. There we found that two 60 month sentences served consecutively for the same conduct without a separate animus required reversal. Similarly, having found the GSI and abduction convictions to be allied offenses; the imposition of 36 months consecutive to 60 months also requires reversal.

**Assignment of Error IV**

**Ineffective Assistance of Counsel**

{¶ 65} (A): Failure to Move for Merger of Allied Offenses of Similar Import This assignment had two subsections. The first was a claim of ineffective assistance of counsel for the failure to move for the merger of the three offenses. The majority found this moot and I agree, though not wholly for the same reasons.

We all agree that the two counts of GSI merge in the second assignment of error rendering this part of the assignment moot for the same reason.

{¶ 66} The majority found that there was no ineffective assistance in the third assignment, because GSI and abduction are not allied offenses so there is no error to support the claim. I, on the other hand, did find reversible error in the third assignments. However, the result is the same. I would therefore find this issue moot.

{¶ 67} (B): Failure to Request the Waiver of Court Costs

I concur with the majority opinion on this section of the fourth assignment of error.