THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE,
v. ROGERS, APPELLEE AND CROSS-APPELLANT.

[Cite as *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459.]

(Nos. 2013–1255 and 2013–1501—Submitted June
25, 2014—Decided June 24, 2015.)

O'DONNELL, J.

{¶ 1} The Eighth District Court of Appeals, sitting en banc, concluded that "where it is clear from a facial review of the charges that the offenses may be allied, even when facts necessary to determine the conduct of the offender are missing," 2013-Ohio-3235, 994 N.E.2d 499, ¶ 24 (8th Dist.), a trial court has "a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge" for sentencing purposes, *id.* at ¶ 63. The en banc court recognized that its decision conflicted with *State v. Wallace*, 6th Dist. Wood No. WD–11–031, 2012-Ohio-2675, 2012 WL 2196290, and certified the following two issues for our resolution:

> (1) Whether a trial court commits plain error where multiple offenses present a facial question of allied offenses of similar import, yet the trial court fails to determine whether those offenses should merge under R.C. 2941.25 at sentencing; and
>
> (2) Whether the failure of a defendant to raise an allied-offense issue or to object in the trial court can constitute an effective waiver or forfeiture of a defendant's constitutional rights against double jeopardy and a bar to appellate review of the issue when the record is silent on the defendant's conduct.

The en banc court subsequently recognized that its decision also conflicted with the decision of the Ninth District in *State v. Wilson*, 21 Ohio App.3d 171, 486 N.E.2d 1242 (9th Dist.1985), and certified a third issue for our review:

> [3] Whether an offender who receives, retains, or disposes of the property of two or more other persons in a single transaction may be convicted and sentenced for more than one count of receiving stolen property?

{¶ 2} We determined that the conflicts exist, and the parties have briefed the issues.

{¶ 3} We answer the first two questions in the negative. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

{¶ 4} We answer the third question in the affirmative. As we recently decided in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, allied offenses are not offenses of similar import if the offender's conduct constitutes offenses against different victims or if the harm that results from each offense is separate and identifiable.

{¶ 5} In this case, it is undisputed that Frank Rogers failed to object to his sentences in the trial court; thus, he forfeited appellate review of the argument that he had been sentenced for allied offenses of similar import. And because he has failed to demonstrate that he has, in fact, been sentenced for allied offenses of similar import committed with the same conduct and without separate animus, his claim that the trial court committed plain error fails.

{¶ 6} We therefore reverse the judgment of the court of appeals that is based on its holding that a trial court has a duty to inquire about allied offenses if the defense fails to raise it at sentencing, and we reinstate the sentences imposed by the trial court.

## Facts and Procedural History

{¶ 7} The Cuyahoga County Grand Jury returned indictments against Rogers alleging offenses in eight cases. This appeal concerns only the sentences imposed by the trial court in Cuyahoga County Court of Common Pleas case Nos. CR–545992 and CR–553806.

{¶ 8} On January 5, 2011, Rogers fled from Cleveland police officers who attempted a traffic stop. Upon his arrest and subsequent search of his van, the officers discovered four tires and rims, which had been taken from a stolen Ford F–150 pickup truck found sitting on cinder blocks. The grand jury indicted Rogers in case No. CR–545992 on two counts of receiving stolen property ("RSP")—one count for the truck and the other for the tires and rims—and one count of possessing criminal tools ("PCT")—a jack, a tow chain, and a lug-nut wrench.

{¶ 9} While those charges were pending, officers subsequently rearrested Rogers for selling stolen jewelry and other items to a pawn shop. A grand jury

indicted Rogers in case No. CR–553806 for two additional counts of RSP involving two separate victims.

{¶ 10} Rogers entered guilty pleas to these counts. In case No. CR–545992, the court sentenced him to a term of 12 months in prison for receiving the stolen truck, six months for receiving the tires and rims, and an additional six months for possessing the criminal tools. In case No. CR–553806, the court sentenced Rogers to a term of 12 months for receiving the stolen property belonging to the first victim, and six months for receiving the property belonging to the second victim. The trial court then imposed sentences for offenses in the other six cases, and it ordered all sentences to be served consecutively, for an aggregate eight-year term of imprisonment. Rogers did not assert that he had been convicted of allied offenses of similar import, nor did he object to the sentence imposed by the trial court.

{¶ 11} On appeal, Rogers argued for the first time that some of his convictions should have merged for sentencing. The appellate court applied a plain error analysis, rejected the argument that the trial court had errantly imposed sentences for allied offenses of similar import, and affirmed Rogers's convictions and sentences, stating that it could not find plain error when it was not clear from the record whether an error had occurred. 2013-Ohio-1027, 990 N.E.2d 1085, ¶ 5, 17, 19, 21 (8th Dist.). The court stated, "There is no plausible interpretation of the plain error doctrine that would allow an appellate court to find error simply because there are no facts to show whether any error occurred." *Id.* at ¶ 8.

{¶ 12} The appellate court then sua sponte granted en banc consideration. The en banc court upheld the separate sentences imposed in the case involving the stolen jewelry, explaining that the existence of two different victims established a separate animus for each of the two convictions. The court concluded, however, that the fact that the two RSP offenses related to the truck and the tires and rims involved the same victim and the fact that the PCT offense for having tools to remove the wheels from a vehicle had occurred on the same day as the RSP offenses suggested that the offenses may be allied, and it held that the trial court had committed plain error by failing to inquire into or address the allied-offense question. 2013-Ohio-3235, 994 N.E.2d 499, ¶ 24, 25, 33, 34 (8th Dist.). The opinion of the en banc court states:

> Where a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge. A trial court commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import.

*Id.* at ¶ 63. The en banc court further recognized that it was "unable to determine if these offenses were allied offenses of similar import," *id.* at ¶ 25, but it nonetheless reversed the judgment and remanded the matter to the trial court "to establish the underlying facts of Rogers's conduct in CR–545992 and for the trial court to determine whether the subject crimes should merge for sentencing purposes," *id.* at ¶ 64.

{¶ 13} The en banc court certified conflicts between its decision and the Sixth District Court of Appeals' decision in *State v. Wallace*, 2012-Ohio-2675, 2012 WL 2196290, and the Ninth District Court of Appeals' decision in *State v. Wilson*, 21 Ohio App.3d 171, 486 N.E.2d 1242. We determined that the conflicts existed and sua sponte consolidated the cases. 137 Ohio St.3d 1456, 2013-Ohio-4657, 1 N.E.3d 423; 137 Ohio St.3d 1458, 2013-Ohio-4657, 1 N.E.3d 424.

## Positions of the Parties

{¶ 14} The state does not dispute that when an error in failing to merge allied offenses is obvious, it rises to plain error. Nonetheless, it urges that entry of guilty pleas waives any claim that convictions are for allied offenses of similar import, and further, that the failure to object at sentencing forfeits any error and reversal is not appropriate unless the accused demonstrates that the outcome of the proceeding was unjust. It notes that the accused has a remedy for defense counsel's failure to argue that the convictions are for allied offenses of similar import by petitioning for postconviction relief and presenting evidence outside the record. According to the state, the en banc court improperly recognized a new form of error that is reversible error per se and imposed a new duty on trial courts to initiate a "voir dire hearing" to determine in all cases whether sentences should merge.

{¶ 15} Rogers maintains that the trial court lacked statutory authority to impose separate sentences for allied offenses of similar import; thus, if it is possible to commit each offense with the same conduct, then a court may not impose sentences for each offense unless it first finds that the offenses were committed with separate conduct or with a separate animus. Otherwise, Rogers asserts, the sentences are contrary to law and must be reversed on appeal, even if the issue is not raised at sentencing. According to Rogers, an accused cannot waive double jeopardy rights at a sentencing hearing when the question of merger is not at issue, and the failure to object at sentencing does not relieve the trial court of its statutory and constitutional obligation to determine whether convictions that could have been committed with the same conduct were in fact committed separately or with a separate animus. Lastly, he maintains that an offender cannot be sentenced for multiple convictions for RSP if the offender received the property in a single transaction, regardless of whether the property belongs to multiple owners. In support, he points to R.C. 2913.61(B), which

provides that if more than one item is involved in a theft offense, the value of the stolen property is determined by the aggregate value of all property involved.

## Law and Analysis

{¶ 16} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords protections against the imposition of multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. However, when multiple punishments are imposed in the same proceeding, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Garrett v. United States*, 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 8.

{¶ 17} As we recently explained in *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11, "[a]bsent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct." R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 18} This court construed this statute in *Whitfield*, noting that "for purposes of R.C. 2941.25(A), a conviction is a determination of guilt and the ensuing sentence," *Whitfield* at ¶ 13, and recognizing that "R.C. 2941.25(A)'s mandate that a defendant may be 'convicted' of only one allied offense is a protection against multiple sentences rather than multiple convictions," *id.* at ¶ 18. Because "a defendant may be found guilty of allied offenses but not sentenced on them," *id.* at ¶ 17, "[t]he defendant is not 'convicted' for purposes of R.C. 2941.25(A) until the sentence is imposed," *id.* at ¶ 24. And, therefore, merger of allied offenses occurs at sentencing. *Id.* at ¶ 18.

## Waiver vs. Forfeiture

{¶ 19} We reject the state's proposition that by entering guilty pleas to offenses that can be construed to be two or more allied offenses of similar import, an accused waives the protection against multiple punishments provided by R.C. 2941.25. We have stated that " '[a] defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings.' " *Ross v. Auglaize Cty. Court of Common Pleas,* 30 Ohio St.2d 323–324, 285 N.E.2d 25 (1972), quoting *Crockett v. Haskins,* 372 F.2d 475, 476 (6th Cir.1966). However, as *Whitfield* makes clear, the merger of allied offenses occurs at sentencing, a *subsequent* stage of the proceedings. Further, a guilty plea renders irrelevant only those claims "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn. 2; *United States v. Bonilla,* 579 F.3d 1233, 1240 (11th Cir.2009). But in determining whether convictions are for allied offenses of similar import, finding factual guilt of each offense is a prerequisite to merger, and thus, an allied offenses claim is consistent with an admission of guilt and therefore is not waived by pleading guilty to offenses that might be allied offenses of similar import.

{¶ 20} And more fundamentally, " 'waiver is the "intentional relinquishment or abandonment of a known right." ' " *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by "stipulating in the plea agreement that the offenses were committed with separate animus." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. But nothing in this record indicates that by pleading guilty, Rogers intended to relinquish the opportunity to argue that he committed his offenses with the same conduct and the same animus.

{¶ 21} In contrast to waiver, forfeiture is the failure to timely assert a right or object to an error, and in *Quarterman,* we said, "It is a well-established rule that ' "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." ' " *Id.* at ¶ 15, quoting *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs,* 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Thus, by failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Rogers forfeited his allied offenses claim for appellate review. *Id.*

## Review for Plain Error

{¶ 22} Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden of proof to demonstrate plain error on the record, *Quarterman* at ¶ 16, and must show "an error, *i.e.*, a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). However, even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id.* The accused is therefore required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims. *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (construing Fed.R.Crim.P. 52(b), the federal analog to Crim.R. 52(B), and also noting that the burden of proving entitlement to relief for plain error "should not be too easy").

{¶ 23} But even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 24} We have never recognized the hybrid type of plain error applied by the en banc court in this case, forfeited error that is presumptively prejudicial and is reversible error per se. Rather, in *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, we rejected the notion that there is any category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome. *Id.* at ¶ 23. Writing for our court, Chief Justice Thomas J. Moyer cautioned that "any unwarranted expansion of Crim.R. 52(B) ' "would skew the Rule's 'careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.' " ' " *Perry* at ¶ 20, quoting *State v. Hill*, 92 Ohio St.3d 191, 199, 749 N.E.2d 274 (2001), quoting *Johnson v. United States*, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), quoting *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). Chief Justice Moyer further explained that "our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the

defendant to raise all errors in the trial court—where, in many cases, such errors can be easily corrected." *Id.* at ¶ 23.

{¶ 25} There may be instances when a court's failure to merge allied offenses can constitute plain error, but this case does not present one of those instances. Rogers failed to demonstrate any probability that he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus, and he therefore failed to show any prejudicial effect on the outcome of the proceeding.

{¶ 26} It is entirely reasonable for a court to infer in this case that Rogers received or retained the stolen truck and then removed the tires and rims in order to dispose of them, thereby committing separate and distinct acts resulting in two separate and distinct counts of RSP, one for receiving or retaining the truck and the other for disposing of the tires and rims. The elements of PCT (R.C. 2923.24) are distinct from the elements of RSP (R.C. 2913.51), and thus, that offense was not committed by the same act and is not an allied offense of the RSP counts. Tellingly, Rogers has not argued that he committed these offenses together and with the same animus, and the trial court therefore reasonably sentenced him on each of these separate convictions.

{¶ 27} In addressing the third certified question, we hold that the trial court did not commit plain error in imposing separate sentences for the two counts of RSP involving the jewelry and other items taken from two different victims. In *Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, we stated, "when the defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import." *Id.* at ¶ 23. There, we concluded, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims." *Id.* at ¶ 26. Accordingly, the trial court did not err in imposing separate sentences for these offenses involving different victims.

## Conclusion

{¶ 28} The en banc court correctly recognized that the failure to raise the allied offense issue at the time of sentencing forfeits all but plain error, and in the two counts of RSP involving the jewelry, the trial court did not err in sentencing Rogers on both counts of RSP because those crimes involved the property of two different victims. We therefore affirm that part of the appellate court's judgment.

{¶ 29} However, the en banc court misapplied settled principles of appellate review in noticing plain error regarding the separate sentences for the two counts of RSP relating to the truck and the tires and rims and for the count of PCT,

because the court stated that it could not determine whether these offenses were allied offenses of similar import. The law required Rogers to demonstrate a reasonable probability that his convictions constituted allied offenses of similar import, and he failed to carry that burden. Accordingly, we reverse that part of the judgment of the en banc court and reinstate the sentences imposed by the trial court.

Judgment accordingly.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, J., concurs in judgment only.

O'NEILL, J., dissents.

---

**O'NEILL, J., concurring in part and dissenting in part.**

{¶ 30} I must respectfully dissent in part. The majority correctly resolves the second and third issues that were certified as being in conflict in this case. A defendant's failure to request merger forfeits the issue rather than waiving it, and *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, correctly resolved whether allied offenses against multiple victims represent offenses of dissimilar import. I therefore join the majority's resolution of these issues.

{¶ 31} I respectfully dissent, however, from the majority opinion's holding on the first certified-conflict issue regarding whether it is plain error for a trial court to fail to consider merger in certain circumstances. The majority correctly states the standard for plain-error review and then misapplies that very standard. Citing *United States v. Dominguez Benitez,* 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), the majority correctly holds that an appellant must show only a reasonable probability that the error complained of resulted in prejudice.

{¶ 32} There is a reasonable probability of prejudicial error when "the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Dominguez Benitez* at 83, quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Like the en banc panel of the Court of Appeals for Cuyahoga County, I believe that this standard is satisfied by the record in the case involving the truck and tires, case No. CR–545992.

{¶ 33} The majority goes to great pains to characterize Rogers's case as one that can prevail only if he shows plain error within the subtleties of the indictments and hearing transcripts. But it is not the absence of facts in the record that gives rise to plain error in this case. The trial court's glaring failure to even consider merging the receiving-stolen-property ("RSP") offenses was plain error standing all alone. The reality that these offenses were allied jumps

out from the record. R.C. 2941.25(A) limits a court's sentencing authority by imposing a duty to merge offenses when a defendant's actions *"can be construed to constitute two or more allied offenses of similar import."* (Emphasis added.) R.C. 2941.25(A). We have already determined that this duty "is mandatory, not discretionary." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. We are required to interpret R.C. 2941.25 liberally in favor of Rogers and strictly against the state. R.C. 2901.04. Therefore, the duty to merge must arise when it is merely *possible* that offenses are allied offenses of similar import. Otherwise, the words "can be construed" in R.C. 2941.25(A) have no meaning. Accordingly, I must agree with the en banc panel of the court of appeals that we should look for obvious error in the trial court's actions rather than search for something in Rogers's conduct to justify overturning well-reasoned case law. It is important to note that one RSP count in this case involves a truck and another RSP count involves the tires from that very same truck. How are these not allied offenses?

{¶ 34} Imagine the following scenario for the sake of argument: John Doe has been charged with 24 counts of petty theft of a can of beer and one count of possessing criminal tools for using a cardboard box to carry the cans. The criminal complaint shows the same date for each theft and lists the local Mickey Mart gas station as the only victim. Doe enters a guilty plea. The parties agree that Doe will pay restitution of $17.99, roughly the cost of a 24–pack of beer. And at the sentencing hearing, the prosecutor represents that Doe had been apprehended near the Mickey Mart using the box to carry the 24 cans of beer. The municipal court imposes 25 consecutive 180–day sentences. The trial court does not consider that the offenses may be allied offenses of similar import. Inexplicably and without excuse, Doe fails to object.

{¶ 35} Admittedly, those limited facts do not conclusively establish that Doe's offenses were allied offenses of similar import. A court could *infer* that he walked into the Mickey Mart 24 separate times to steal a single can of beer, hiding them each time in a cardboard box behind the store. It is obvious, though, that Doe's conduct "can be construed" as allied offenses of similar import arising out of a single act—stealing a 24–pack of beer. R.C. 2941.25(A). I believe that a trial court plainly deviates from the requirements of R.C. 2941.25 when it fails to address the issue of allied offenses—even if the issue is not raised by a party—when the record clearly shows a *possibility* that some offenses may be allied offenses of similar import.

{¶ 36} The United States Supreme Court was careful to advise courts not to confuse the reasonable-probability standard with "a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *Dominguez Benitez,* 542 U.S. at 83, 124 S.Ct. 2333, 159 L.Ed.2d

157, fn. 9. The majority loses its way by focusing on the fact that "[Rogers] has failed to demonstrate that he has, in fact, been sentenced for allied offenses of similar import." Majority opinion at ¶ 5. The most that the majority can say to support its holding on this issue is that "[i]t is entirely reasonable for a court to infer * * * that Rogers * * * commit[ed] separate and distinct acts resulting in two separate and distinct counts of RSP * * *." *Id.* at ¶ 26. That point is unhelpful. When the record supports only mere inferences that justify sentencing an offender to multiple prison terms for multiple allied offenses, alternative inferences are not automatically unreasonable. There can be very little confidence in a sentencing order that fails to address merger despite a record that indicates that some of the offenses might be allied offenses.

{¶ 37} Also, Rogers need not strain to establish the fact of prejudice and manifest injustice. If his RSP offenses should have merged, he suffered prejudice by "having more convictions than are authorized by law." *Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 31. And if he should be sentenced for only one count of RSP, his consecutive sentences for each of the RSP offenses represent a manifest injustice.

{¶ 38} Rogers has shown a reasonable probability that the trial court's failure to consider merging the RSP offenses relating to the truck and its tires resulted in more punishment than the legislature authorized by R.C. 2941.25. He merely needed to show that the record indicates a possibility that the trial court should have *considered* merging his offenses. He did so, and that possibility is enough to undermine confidence that his sentence was lawful.

{¶ 39} Therefore, I dissent from the majority opinion's holding regarding the first certified-conflict issue.

―――――――――

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Adam M. Chaloupka, Assistant Prosecuting Attorney, for appellant and cross-appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellee and cross-appellant.