[Cite as *In re R.A.H.*, 2016-Ohio-8301.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101936**

# IN RE: R.A.H., JR.
## A Minor Child

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 14106318

**BEFORE:** Blackmon, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By: Brooke M. Burns
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Kevin Bringman
Assistant Prosecuting Attorney
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} This cause is before us on remand from the Ohio Supreme Court in *In re R.A.H., Jr.*, Slip Opinion No. 2016-Ohio-7592, for further review of our decision released on August 20, 2015. The Ohio Supreme Court specifically ordered:

> The judgment of the court of appeals as to proposition of law No. I is reversed, and the cause remanded to the court of appeals to apply *In re A.G.*, ___ Ohio St.3d ___, 2016-Ohio-3306, ___ N.E.3d ____.

{¶2} Proposition of law No. I concerned whether the merger analysis applies to juvenile court proceedings to protect a child's right against double jeopardy. The Ohio Supreme Court concluded in the affirmative. In *In re R.A.H.*, 8th Dist. Cuyahoga No. 10936, 2015-Ohio-3342 , we followed this court's precedent that the merger analysis did not apply to juveniles; thus the Supreme Court's reversal and remand mandates that we apply the merger analysis.

{¶3} In his second assigned error, R.A.H. argued that the trial court erred by concluding that he was delinquent for committing two acts of rape, because the rapes occurred by a single act. R.A.H.'s defense counsel failed to object to the nonmerger and, therefore, forfeited all but plain error review. *See State v. Rodgers*, 143 Ohio St.3d 385, 2015-Ohio-2458, 38 N.E.3d 860, ¶ 21. Pursuant to Crim.R. 52(B), appellate courts have discretion to correct plain errors. Plain errors are defined as defects in the trial court proceedings that affected the outcome of trial. *Rodgers* at ¶ 22. We conclude that plain error occurred.

**{¶4}** R.A.H. was indicted for two separate rape counts. One for raping a child under the age of 13, and one for using force while committing the rape. The facts established at trial regarding the rapes were that R.A.H. held the 12-year old victim's hands above her head while he digitally penetrated her.

**{¶5}** Pursuant to *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25:

> offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) [if] the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm [or was committed against separate victims], (2) [if] the offenses were committed separately, [or] (3) [if] the offenses were committed with separate animus or motivation.

**{¶6}** In the instant case, there was no separate harm, the offenses were committed at the same time, and there was no separate animus or motivation because the victim was restrained in order to commit the rape.

**{¶7}** We thus conclude that the rape offenses were allied offenses of similar import and that the juvenile court's failure to merge them prejudiced R.A.H. Accordingly, R.A.H.'s second assigned error is sustained.

**{¶8}** Accordingly, the judgment is reversed and remanded to the juvenile court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Juvenile Court Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


              _____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR