[Cite as *State v. Little*, 2019-Ohio-4488.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                :            APPEAL NO. C-180523
                                                          TRIAL NO. B-1803532
    Plaintiff-Appellee,               :

 vs.                                         :            *O P I N I O N.*

LOUISHA LITTLE,                               :

    Defendant-Appellant.              :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  November 1, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Louisha Little appeals from a conviction for misuse of credit cards under R.C. 2913.21(B)(2). She takes issue with two conditions of her community control. We find no merit in her two assignments of error, and we affirm her conviction.

{¶2} The record shows that Little worked as a nurse's aide at a nursing home. She cared for Yvette Lucas, who was a quadriplegic due to an auto accident. Little had access to Yvette Lucas's debit card and pin number, which she used at more than one ATM. In total, Little took $853 dollars from Yvette Lucas's bank account without her permission.

{¶3} Little was subsequently indicted for misuse of a credit card. The indictment stated the victim of the offense was "an elderly person or disabled adult." As part of a plea agreement, Little subsequently agreed to enter a guilty plea.

{¶4} At the plea hearing, Yvette Lucas's father, Harold Lucas, informed the trial court that his daughter had passed away and that the account associated with the debit card was a joint account he had shared with his daughter. He also informed the court that Key Bank had reimbursed the account the $853.

{¶5} The trial court stated that it would only accept Little's plea under the conditions that she pay restitution to Key Bank and that she not work at a health care "facility." The court allowed Little to consult with counsel and, after doing so, counsel stated that Little still wished to enter a guilty plea.

{¶6} After conducting a Crim.R. 11 plea colloquy, the court accepted Little's guilty plea. It sentenced her to two years of community control and remitted probation fees, public-defender-attorney fees, and court costs. The judgment entry stated the community-control conditions that Little was not permitted to work in the

2

health care "industry," and that she was to make restitution in the amount of $853 to Key Bank. This appeal followed.

{¶7} In her first assignment of error, Little contends that the trial court's restitution order requiring her to pay $853 to Key Bank was contrary to law. She argues that a bank that reimburses one of its customers is not a victim of the offense, and therefore, the court cannot require restitution to be paid to the bank.

{¶8} First, Little did not object to the court's order that she pay restitution to the bank as part of the sentence. Therefore, she forfeited any error unless it rose to the level of plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22; *State v. Martin*, 1st Dist. Hamilton No. C-110204, 2013-Ohio-2441, ¶ 5; *State v. Bemmes*, 1st Dist. Hamilton No. C-010522, 2002 WL 507337, *3 (Apr. 5, 2002). We reverse a sentence for plain error only under exceptional circumstances to prevent a manifest miscarriage of justice. *Rogers* at ¶ 23; *Bemmes* at *3. Little bears the burden to demonstrate plain error on the record. *See Rogers* at ¶ 22; *State v. Bedell*, 2018-Ohio-721, 107 N.E.3d 160, ¶ 32 (1st Dist.).

{¶9} Little is correct that a court may only order a defendant to pay restitution to the victim of the offense and not to a third party. *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 1; *State v. Thornton*, 2017-Ohio-4037, 91 N.E.3d 359, ¶ 15 (1st Dist.); *State v. Martin* at ¶ 6-7. A bank that reimburses a customer is not a victim of the offense, and therefore, a trial court cannot require restitution be paid to the bank. *State v. Adams*, 2019-Ohio-3597, ___ N.E.3d ___, ¶ 17 (1st Dist.); *State v. Harris*, 2015-Ohio-4412, 46 N.E.3d 198, ¶ 8 (6th Dist.).

{¶10} But, if the defendant agreed to pay the third-party restitution as part of a plea agreement, the agreement is enforceable. *Harris* at ¶ 8; *State v. McMullen*, 1st

Dist. Hamilton No. C-140562, 2015-Ohio-3741, ¶ 5. While the payment of restitution was not part of the plea agreement as negotiated by the parties, the trial court made the payment of restitution a condition of it accepting the plea. It stated, "You need to find new employment and pay restitution. * * * [T]hat's what's going to happen." The court then asked if Little if she still wanted to enter a plea. The court gave her some time to confer with her attorney. It then asked her attorney what Little wanted to do. Her attorney said, "We will enter a plea today."

{¶11} The trial court conducted a thorough inquiry to determine if Little's plea was made knowingly, intelligently, and voluntarily. *See State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 8-10. She agreed to pay restitution to the bank as a condition of her plea. Any objection to the sentence should have been raised below. By pleading guilty, Little forfeited any meritorious objections to the terms of the sentence. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 21; *State v. Lane*, 2d Dist. Greene No. 2010 CA 21, 2010-Ohio-5639, ¶ 15.

{¶12} Certainly, the record does not show that the court committed plain error. It is not a miscarriage of justice that Little should be required to pay restitution that the court repeatedly stated that it would impose as a condition of accepting her plea. *See Bemmes*, 1st Dist. Hamilton No. C-010522, 2002 WL 507337, at * 3. Little always had the option to refuse to enter the plea and proceed to trial. Consequently, we overrule Little's first assignment of error.

{¶13} In her second assignment of error, Little contends that the trial court erred in barring her from working in the health care industry as a condition of her community control. She argues that the condition is overly broad and prevents her from earning a living. Again, Little never objected to this condition so we review for

plain error. *See Rogers* at ¶ 21-22; *Martin*, 1st Dist. Hamilton No. C-110204, 2013-Ohio-2441, at ¶ 5. This assignment of error is not well taken.

{¶14} The trial court has broad discretion in imposing conditions of community control. An appellate court should reverse the trial court's decision only if the court abused its discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10; *State v. Cauthen*, 1st Dist. Hamilton No. C-130475, 2015-Ohio-272, ¶ 10-11.

{¶15} Nevertheless, that discretion is not unlimited. *Talty* at ¶ 11; *Cauthen* at ¶ 11. The community-control conditions must reasonably relate to the goals of "doing justice, rehabilitating the offender, and insuring good behavior." *Talty* at ¶ 12; *Cauthen* at ¶ 11. In determining whether a condition of community control reasonably relates to those goals, the court must consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime for which the offender was convicted, and (3) relates to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of community control. *Talty* at ¶ 12; *Cauthen* at ¶ 11. The community-control conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Talty* at ¶ 13.

{¶16} We first note that at the plea hearing, the trial court stated that it would only accept Little's plea if she agreed not to work at a health care "facility." In fact, the court used the term "facility" a number of times. But it used the words health care "industry" in the judgment entry. Under the circumstances, we conclude that the use of the far broader term "industry" was a clerical error, which a court can correct at any time. Crim.R. 36; *State v. Evans*, 1st Dist. Hamilton No. C-140503, 2015-Ohio-3208, ¶ 12.

{¶17} The condition of community control that Little not work in a health care facility is reasonably related to rehabilitating Little, has some relationship to the crime of misuse of credit cards, and reasonably relates to future criminality it that it prevents Little from obtaining the credit cards of nursing-home patients in the future. Under the circumstances, we cannot hold that the trial court's decision imposing the condition was an abuse of discretion, much less that it rose to the level of plain error.

{¶18} Additionally, as with the condition that Little pay restitution to the bank, the court stated that it would accept Little's plea only on the condition that she could not work in a health care facility. After consulting with her attorney, Little accepted the plea. By pleading guilty, Little forfeited any meritorious objections to the terms of the sentence. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 21; *Lane*, 2d Dist. Greene No. 2010 CA 21, 2010-Ohio-5639, at ¶ 15. Therefore, we overrule Little's second assignment of error.

{¶19} In sum, we overrule Little's two assignments of error and affirm the trial court's judgment. We remand the cause to the trial court to enter a nunc pro tunc entry to reflect what actually occurred at the hearing. Specifically, the entry should read that as a condition of her community control, Little is "not permitted to work in a health care facility." *See State v. Harris*, 1st Dist. Hamilton Nos. C-170266 and C-170267, 2018-Ohio-2850, ¶ 15; *State v. Hafford*, 1st Dist. Hamilton No. C-150578, 2016-Ohio-7282, ¶ 10-11.

Judgment affirmed and cause remanded.

**ZAYAS, P.J.**, and **BERGERON, J.**, concur.

Please note:
The court has recorded its own entry this date.

6