[Cite as *State v. Brown*, 2020-Ohio-5314.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA1113 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Cassandra Brown, | : | |
| Defendant-Appellant. | : | **RELEASED 10/29/2020** |

<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio for appellant.

Dave Yost, Ohio Attorney General and Brad. L. Tammaro, Assistant Attorney General Special Prosecuting Attorney, Columbus, Ohio, for appellee.

Hess, J.

{¶1} Cassandra Brown appeals her conviction on two counts of theft and one count each of complicity to forgery, complicity to telecommunications fraud, tampering with records, and Medicaid eligibility fraud. Brown contends that the trial court abused its discretion and imposed an unreasonable condition of community control when it disqualified her from benefits through Adams County Job and Family Services for a period of five years. Brown argues that the trial court was without authority to sanction her in this manner because there is an administrative process in place to disqualify her. She argues that under the administrative process, she would be ineligible for benefits for a period of twelve months, not five years.

{¶2} However, the regulatory provisions allow courts, in addition to local agencies, to impose disqualification penalties for intentional program violations. And, the ineligibility periods vary from the amount of time it takes to make full restitution up to

permanent disqualification. Here, the trial court's disqualification penalty was imposed for the time it would take Brown to make full restitution. It was reasonably related to rehabilitating Brown, has some relationship to the crimes for which Brown was convicted, and relates to her criminal conduct. The disqualification period of five years, which runs concurrent with her restitution payment plan, falls well within the regulatory range and is not overly broad that it unnecessarily impinges on her liberty. Thus, the disqualification penalty did not constitute a manifest miscarriage of justice and was a sound exercise of the trial court's discretion. We overrule Brown's assignment of error and affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

**{¶3}**   In October 2019, Cassandra Brown was indicted on 21 felony counts consisting of two counts of theft in violation of R.C. 2913.02, fourth-degree felonies; six counts of forgery in violation of R.C. 2913.31, fifth-degree felonies; seven counts of telecommunications fraud in violation of R.C. 2913.05, fifth-degree felonies; one count of tampering with records in violation of R.C. 2913.42, a third-degree felony; and five counts of Medicaid eligibility fraud in violation of R.C. 2913.401, fourth-degree felonies. As part of a plea agreement, the state amended the indictment and consolidated some charges. Brown pleaded guilty to two theft charges and one count each of complicity to forgery, complicity to telecommunications fraud, tampering with records, and Medicaid eligibility fraud. At the change of plea hearing, the Adams County Job and Family Services requested that Brown be disqualified for benefits indefinitely. The remaining counts were dismissed.

**{¶4}** At the sentencing hearing, the state explained that the charges arose after Brown embarked upon a purposeful course of action to fraudulently misrepresent her employment and salary information over a two-year period in order to unlawfully gain Medicaid and supplemental nutrition assistance ("SNAP") benefits. Brown's actions diverted $5,192 in SNAP benefits and $24,924.98 in Medicaid benefits to herself and away from otherwise qualified individuals. Brown agreed that she would not apply for benefits in the future. Brown's attorney stated, "Your Honor, I believe there to be a condition also to bar the defendant from applying for services in the future." However, there was no agreement as to the length of the disqualification penalty. The state requested that Brown be disqualified permanently, but Brown's attorney asked the trial court for "an extended term of barring from any sort of benefits, but maybe not for the rest of her life." After considering the recommendations of the state and Brown's attorney, the trial court imposed a five-year disqualification penalty.

**{¶5}** At the sentencing hearing, the trial court ordered Brown to pay restitution in the sum of $30,116.98 and sentenced Brown to five years of community control, explaining that it was imposing the maximum term for community control to give her the maximum amount of time to repay the restitution that she owed. The trial court also imposed 120 hours of community service, 30 days of county jail time to be served over specific weekends, and disqualified Brown from eligibility for program benefits from Job and Family Services for a five-year period.

**{¶6}** Brown appealed her sentence, specifically the trial court's order disqualifying her from eligibility for program benefits for a five-year term.

## II. ASSIGNMENT OF ERROR

{¶7}   Brown assigns the following error for our review:

The trial court abused its discretion and imposed an unreasonable condition of community control against Ms. Brown.

## III. LAW AND ANALYSIS

{¶8}   Brown challenges the trial court's five-year disqualification penalty, contending that it exceeded the court's authority. She argues that an administrative procedure exists to limit her ability to apply for "food stamps" (a.k.a. SNAP) and that under that regulatory scheme, her disqualification penalty would be 12 months, not five years.

### A. Standard of Review

{¶9}   First, Brown did not object to the trial court's order disqualifying her for benefits for a period of five years. Therefore, she forfeited any error unless it rose to the level of plain error. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22. We reverse a sentence for plain error only under exceptional circumstances to prevent a manifest miscarriage of justice. *Rogers* at ¶ 23. Brown has the burden to demonstrate plain error on the record. *Rogers* at ¶ 22; *State v. Little,* 1st Dist. Hamilton No. C-180523, 2019-Ohio-4488, ¶ 8, appeal not allowed, 158 Ohio St.3d 1422, 2020-Ohio-647, 140 N.E.3d 742, ¶ 8 (where defendant did not object to the trial court's community-control conditions that she pay restitution to the bank and she be barred from working in the health care industry, she forfeited all but plain error).

{¶10} The trial court has broad discretion in imposing conditions of community control.  An appellate court should reverse the trial court's decision only if the court abused its discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d

1201, ¶ 10; *State v. Chamblin,* 2016-Ohio-595, 59 N.E.3d 537, ¶ 5 (4th Dist.) (finding that a community control sanction ordering defendant who engaged in a food stamp scheme not to "enter food pantries for assistance" was an abuse of discretion; trial court's community control sanction of permanent disqualification from SNAP program was not appealed or reviewed).

## B. Legal Analysis

**{¶11}** Community control conditions must reasonably relate to the goals of "doing justice, rehabilitating the offender, and insuring good behavior." *Talty* at ¶ 12; *Chamblin* at ¶ 8. In determining whether a condition of community control reasonably relates to those goals, the court must consider whether the condition: (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime for which the offender was convicted, and (3) relates to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of community control. *Talty* at ¶ 12; *Chamblin* at ¶ 8. The community control conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Talty* at ¶ 13; *Chamblin* at ¶ 8.

**{¶12}** Here Brown concedes on appeal that she agreed that she would not apply for benefits in the future as a condition of her plea agreement. Although Brown did not agree to permanent disqualification, her attorney recommended "an extended term," but not permanent disqualification. Brown faced a 21-count felony indictment for multiple fraudulent activities involving over $30,000 in SNAP and Medicaid benefits that spanned several years and involved Brown soliciting the involvement of at least one, perhaps unwitting, former co-worker. The relevant regulatory provisions authorize the trial court to adjudicate intentional program violations and to impose a disqualification penalty. Ohio

Adm.Code 5101:6-20-01 (B)(1) provides for program disqualification where a court finds that the individual has committed a criminal offense connected to the program and subpart (D)(1) encourages local agencies "to refer for prosecution individuals suspected of committing an intentional program violation, particularly if the value of benefits involved is large or the individual is suspected of committing more than one act of intentional program violation." Ohio Adm.Code 5101:6-20-01(D)(2) also encourages "local prosecutors to recommend to the courts that a disqualification penalty, as provided for by rule 5101:6-20-03 of the Administrative Code, be imposed in addition to any other civil or criminal penalties for such violations."

{¶13} Ohio Adm.Code 5101:6-20-03 provides penalties for intentional program violations and, depending on the program and the number and type of violations, range from a time period that runs until full restitution is made; 12 months for a first violation; 24 months for a second violation; a ten-year disqualification for receipt of multiple benefits simultaneously; and permanent disqualification for a third violation, a first-time violation of trafficking in SNAP benefits of five hundred dollars or more, and a first-time violation of trafficking in SNAP in a transaction involving sales of firearms, ammunition, or explosives. Brown argues that the administrative process "would seem to make Ms. Brown ineligible for food stamps for only a 12-month period and not five years as the court has ordered."

{¶14} Brown does not cite to a regulation to support her argument that she "would seem" to be disqualified for a 12-month period; however, it appears her argument is based on Ohio Adm.Code 5101:6-20-03(A)(2), which, with some exceptions, provides for a 12-month disqualification period for SNAP for the first violation. Additionally, subpart (B) provides, "[t]he *same* act of an intentional program violation repeated over a period of

time is not to be separated so that separate penalties can be imposed." (Emphasis added.) Ohio Adm.Code 5101:6-20-03(B). However, Brown's argument is entirely speculative and is not supported by the record. Brown was originally indicted for 21 felonies and, in the process of reaching a plea agreement, the state amended the indictment and Brown pleaded guilty to a total of six different felonies. Because Brown waived her right to a trial, the state did not present evidence and it is unknown how many *different* acts of intentional program violations occurred here or whether the types of violations warranted a 12-month disqualification as Brown suggests, or a permanent disqualification, as provided for certain types of violations.

{¶15} The trial court's imposition of a five-year disqualification penalty for program benefits while Brown makes restitution payments is not prohibited by the relevant Ohio Administrative Code provisions. Local prosecutors may "recommend" that a court impose a disqualification penalty in accordance with Ohio Adm.Code 5101:6-20-03, but nothing in those regulations limits the court's sound discretion to fashion reasonable community control sanctions that are related to the goals of "doing justice, rehabilitating the offender, and insuring good behavior." *Talty* at ¶ 12; *Chamblin* at ¶ 8. Here, a five-year disqualification penalty is reasonably related to rehabilitating Brown, who, during this period will be paying back the unlawful benefits she received. It is directly related to the crimes for which Brown was convicted and is reasonably related to future criminality as it is intended to prevent Brown from engaging in fraudulent benefit applications while making restitution. Because the five-year disqualification term falls well within the range of disqualification penalties contained in the regulations for similar violations, we find that

it is not "overly broad so as to unnecessarily impinge upon the probationer's liberty." *Talty* at ¶ 13; *Chamblin* at ¶ 8.

**{¶16}** The trial court's imposition of a five-year disqualification period for benefits was not a manifest miscarriage of justice. The record shows that the trial court did not commit plain error. Rather, it was a sound exercise of its discretion that was neither unreasonable, arbitrary, or unconscionable. We overrule Brown's assignment of error.

## IV. CONCLUSION

**{¶17}** We overrule Brown's assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS, to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
           Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**