[Cite as *State v. Buckhannon*, 2023-Ohio-4063.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 22CR51 |
| | : | |
| JAMES L. BUCKHANNON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 9, 2023

. . . . . . . . . . .

GLENDA A. SMITH, Attorney for Appellant

MATTHEW C. JOSEPH, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} James L. Buckhannon appeals from his convictions following guilty pleas to five counts of rape and two counts of gross sexual imposition involving a child under age ten. Buckhannon contends his aggregate sentence of 45 years to life in prison is inconsistent with the purposes of felony sentencing in R.C. 2929.11(A). He also alleges ineffective assistance of counsel based on his attorney allowing him to plead guilty to all

seven counts in his indictment without raising an allied-offense argument.

{¶ 2} We conclude that R.C. 2929.11(A) provides no basis for us to vacate or modify Buckhannon's sentence even assuming, purely arguendo, that his aggregate prison term is contrary to the purposes of felony sentencing. We also see no ineffective assistance of counsel because the record reveals no allied-offense issue. Accordingly, the trial court's judgment will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3} A grand jury indicted 23-year-old Buckhannon on five counts of rape and two counts of gross sexual imposition involving an eight-year-old child. The indictment alleged that the offenses had occurred between December 23, 2021, and December 28, 2021. Following his indictment, Buckhannon underwent evaluations to assess his sanity at the time of the offenses and his competence to stand trial. After being declared sane and legally competent, he pled guilty as charged without any concessions from the State. The case proceeded to sentencing on May 1, 2023. The trial court reviewed a presentence-investigation report and a sentencing memorandum from Buckhannon. It also heard oral statements from Buckhannon, defense counsel, and the prosecutor. The trial court then imposed sentences of 15 years to life in prison on each count of rape. It imposed a three-year prison term on each count of gross sexual imposition. The trial court ordered three of the rape sentences to be served consecutively and all other sentences to be served concurrently. The result was an aggregate sentence of 45 years to life in prison. Buckhannon timely appealed, advancing two assignments of error.

## II. Sentencing Challenge

{¶ 4} Buckhannon's first assignment of error states:

THE TRIAL COURT ERRED IN NOT COMPLYING WITH THE PURPOSES

OF FELONY SENTENCING.

{¶ 5} Buckhannon challenges the trial court's analysis of the statutory purposes of felony sentencing found in R.C. 2929.11(A), which provides:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 6} Buckhannon asserts that the foregoing purposes are not served by requiring him to serve a minimum of 45 years in prison. The information before the trial court at sentencing reflected that he has an IQ of 61. He began receiving social-security disability income at age seven. He lacked a family structure and was sexually abused by an uncle as a child. He had self-medicated for mental-health issues. Prior to the offenses at issue, Buckhannon was homeless. The victim's father had invited him to reside with the father's

family for a few days over the 2021 Christmas holiday. While there, Buckhannon repeatedly entered the victim's bedroom and engaged in sexual activity with the child over several days. Buckhannon previously had been charged with engaging in sexual activity with another child as a juvenile. He also had a prior adult conviction for gross sexual imposition involving a 12-year-old victim, and he was on post-release control for that crime at the time of his current offenses. Buckhannon notes, however, that he previously had received only limited sex-offender treatment while incarcerated. At sentencing, the trial court also questioned whether he was able to appreciate or truly understand the significance of his misconduct.

{¶ 7} Buckhannon contends the trial court should have imposed a shorter prison term that included appointment of a guardian ad litem and sex-offender treatment with a focus on rehabilitation. He claims the trial court's lengthy sentence is unsupported by the record or is otherwise contrary to law because it is inconsistent with the purposes of felony sentencing found in R.C. 2929.11(A).

{¶ 8} We review Buckhannon's sentence under R.C. 2953.08(G)(2), which permits us to modify or vacate a sentence if the record clearly and convincingly does not support certain specified findings by a trial court or if the sentence is otherwise contrary to law. Notably, R.C. 2929.11 does not require a trial court to make any findings, and the statute is not among those identified in R.C. 2953.08(G)(2). As a result, we may not vacate or modify a sentence based on a belief that the record fails to demonstrate consistency with the purposes of felony sentencing found in R.C. 2929.11(A). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 30-31. An appellate court's determination

that a sentence is inconsistent with the purposes of felony sentencing also does not render the sentence contrary to law. *Id.* at ¶ 32. Therefore, R.C. 2953.08(G)(2) does not authorize vacating or modifying Buckhannon's sentence based on our own evaluation of R.C. 2929.11(A).

{¶ 9} We note that Buckhannon could have challenged his aggregate minimum 45-year prison term by arguing that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) for consecutive sentences. He also could have challenged his sentence by arguing that the record clearly and convincingly failed to support consecutive-sentence findings under R.C. 2929.14(C)(4).

{¶ 10} In the present appeal, however, Buckhannon unambiguously has limited his argument to an evaluation of the purposes of felony sentencing in R.C. 2929.11(A). His brief does not mention consecutive-sentencing case law. Nor does Buckhannon reference R.C. 2929.14(C)(4) or the findings required to impose consecutive sentences. He does not argue that the trial court failed to make the necessary consecutive-sentence findings, and he does not assert that the record clearly and convincingly failed to support consecutive-sentence findings to impose an aggregate minimum 45-year prison term. Absent any challenge by Buckhannon to the trial court's imposition of three consecutive prison terms, we have no occasion to review that aspect of its judgment. If Buckhannon desires to raise the issue, he will need to file an App.R. 26 application for reopening his direct appeal.

{¶ 11} Having found no merit in Buckhannon's argument predicated on R.C. 2929.11(A), we overrule his first assignment of error.

### III. Ineffective Assistance of Counsel

{¶ 12} Buckhannon's second assignment of error states:

INEFFECTIVE ASSISTANCE OF COUNSEL FOR ALLOWING A PLEA TO ENTIRE INDICTMENT AND NOT RAISING THE ISSUE OF ALLIED OFFENSES.

{¶ 13} Buckhannon alleges ineffective assistance of counsel in the proceedings below. His substantive argument is as follows:

The offenses of rape and gross sexual imposition should be challenged on the theory of allied offenses when looking at the statute and applying them to the facts. There are no specific dates of when these acts occurred which makes the charges more readily challenged. Instead, counsel allows a person, much less a mentally disabled person [to] plead to all seven (7) counts. Buckhannon did not have effective assistance of counsel as required by the Sixth Amendment to the United States Constitution and Article I Section 10 of the State of Ohio Constitution. The plea and sentence should be vacated, and the case remanded for ineffective assistance of counsel.

Appellant's Brief at 11.

{¶ 14} We review alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective-assistance claim, a defendant must show that trial counsel rendered deficient performance and that

counsel's deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus.

{¶ 15} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings." *State v. Jackson*, 2d Dist. Champaign No. 2004-CA-24, 2005-Ohio-6143, ¶ 29. To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing S*trickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 16} Upon review, we see no ineffective assistance of Buckhannon's trial counsel. As for pleading guilty to the indictment, the record reflects that Buckhannon was legally competent to make that decision. Given that the incidents of sexual abuse were recorded on a security camera, he and his attorney reasonably may have believed the best strategy was to admit guilt and seek leniency at sentencing. Pleading guilty as charged also did not impair Buckhannon's ability to raise an allied-offense argument. "[I]n determining whether convictions are for allied offenses of similar import, finding factual guilt of each offense is a prerequisite to merger, and thus, an allied offenses claim is

consistent with an admission of guilt and therefore is not waived by pleading guilty to offenses that might be allied offenses of similar import." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 19.

{¶ 17} Finally, on the record before us we see no reasonable probability that the trial court would have found allied offenses if defense counsel had raised the issue. The presentence-investigation report reflects that Buckhannon's offenses occurred on multiple occasions over several days in December 2021. On appeal, he argues that gross sexual imposition and rape should have merged for sentencing. But nothing in the record indicates that the "touching" underlying the charges of gross sexual imposition was part of the same act constituting the "sexual conduct" underlying one or more of the rape offenses. The presentence-investigation report references at least two incidents that appeared to involve sexual touching short of actual "sexual conduct." Absent any indication that the gross sexual imposition and rape offenses were not committed separately, Buckhannon has not established a reasonable probability that he was prejudiced by counsel's failure to argue allied offenses. Accordingly, the second assignment of error is overruled.

### IV. Conclusion

{¶ 18} The judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.