[Cite as *State v. Jackson*, 2019-Ohio-4702.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27892 |
| | : | |
| v. | : | Trial Court Case No. 17-CRB-751 |
| | : | |
| YVONNE S. JACKSON | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 15th day of November, 2019.

. . . . . . . . . . .

ANDREW D. SEXTON, Atty. Reg. No. 0070892, City of Dayton Prosecutor's Office, 335 West Third Street, Room 390, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JOYCE M. DEITERING, Atty. Reg. No. 0005776, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Yvonne S. Jackson appeals from her conviction and sentence in Dayton Municipal Court on charges of criminal damaging, criminal mischief, and telephone harassment.

{¶ 2} In her sole assignment of error, Jackson contends the trial court erred at sentencing in failing to merge criminal damaging and criminal mischief as allied offenses of similar import.

{¶ 3} The record reflects that Jackson was charged with a number of misdemeanors, including criminal damaging, criminal mischief, aggravated menacing, menacing, and multiple counts of telephone harassment. The charges involved alleged telephone calls and threats to the victim and damage to the victim's car. Jackson ultimately pled guilty to one count of telephone harassment, and the State dismissed all other charges except for criminal damaging and criminal mischief. Those two charges proceeded to a jury trial where Jackson represented herself and was found guilty. After reviewing a presentence investigation report, the trial court imposed jail sentences of 180 days for telephone harassment, 90 days for criminal damaging, and 60 days for criminal mischief. It ordered the jail terms to be served concurrently and suspended them. In addition, the trial court imposed a term of probation and ordered Jackson to pay a fine, court costs, and restitution. The trial court stayed execution of the sentence pending appeal.

{¶ 4} Jackson's appointed appellate counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. When conducting our own independent examination of the record, we noted that it lacked transcripts of all on-the-record

proceedings. We consequently found ourselves unable to determine whether any non-frivolous issues existed. We did observe, however, that "Jackson's convictions for criminal damaging and criminal mischief potentially could be allied offenses of similar import." (October 23, 2018 Decision and Entry at 3.) In a related footnote, we explained:

As relevant here, the criminal damaging statute provides that no person knowingly by any means shall cause physical harm to any property of another without the other person's consent. R.C. 2909.06(A)(1). The criminal mischief statute provides in relevant part that no person without privilege shall knowingly damage the property of another. R.C. 2929.07(A)(1). Both of the foregoing charges involved Jackson damaging the victim's car by puncturing a tire and "keying" the car. The record reflects that Jackson committed the two acts hours apart. At trial, however, the State appears to have relied on both types of damage to support both charges, giving rise to a potential allied-offense issue. (*See* Trial Tr. at 202-207, 212-214).

(*Id*. at 3-4, fn. 2.)

**{¶ 5}** Based on our review, we set aside the *Anders* brief and directed Jackson's counsel to obtain and review all transcripts. We explained that counsel then could "file a merit brief or another *Anders* brief, as counsel deems appropriate." (*Id*. at 4.) On April 25, 2019, Jackson's attorney responded with a merit brief raising the assignment of error set forth above.[1] (Appellant's brief at 10-15.) After reviewing black-letter law governing allied-

---

[1] Before arguing the allied-offense issue, Jackson's brief quickly reviews other issues and concludes that they lack potential merit. Because the present appeal has not been brought under *Anders,* we need not address these other issues. Instead, we will focus on

offense issues, Jackson argues as follows:

The testimony of the complaining witness Kelly Vaughn was that her tire was flattened by the Appellant during the early morning hours of February 5, 2017, which constituted the criminal damaging. She had the tire changed and the spare tire placed on the vehicle, drove the vehicle to have the tire repaired about 11:00 a.m., and parked the vehicle in the same place upon her return. (Tr. Vol. I, P. 95-96). Vaughn then testifies that Appellant returned to Vaughn's apartment around noon or 1:00 p.m. the same day and scratched her car with a key or other instrument, which constituted the criminal mischief. (Tr. Vol. I, P. 99-100). This testimony is supported by the testimony of Officer Kevin Johnson who stated that he was dispatched to Vaughn's apartment around 1:00 p.m. on February 5, 2017 on a call for service where he noticed a scratch consistent with "keying," but no other damage (such as a flat tire). (Tr. Vol. II, P. 150-152).

The allegations of criminal damaging and criminal mischief were clearly separate incidences, which would seem to permit separate convictions. However, as noted in the Decision and Entry of October 23, 2018, the State relied on both types of damages to support both convictions, which lends itself to a possible allied-offense issue. This Court must conduct a de novo review of a trial court's merger determination under R.C. 2941.25, no deference is given to the trial court's legal conclusions, and the Appellate Court must independently determine whether the facts of record satisfy the

---

Jackson's sole assignment of error concerning allied offenses.

applicable legal standard. This requirement of a de novo review makes the issue of allied offenses a colorable issue which must be reviewed on its' [sic] merits.

(Appellant's brief at 14-15.)

{¶ 6} Upon review, we note that Jackson did not raise an allied-offense argument below, and the trial court did not make any "merger determination." "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St. 3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. "Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶ 7} " 'As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.' " *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

{¶ 8} Jackson has failed to demonstrate a reasonable probability that merger is required here. There is no question that she committed separate acts with a separate animus and caused different harms when she punctured the victim's car tire in the early morning hours of February 5, 2017 and then returned approximately 12 hours later and "keyed" the car. (Trial Tr. Vol. I at 86-104.) The potential problem is that during closing arguments the prosecutor referenced both the tire puncturing and the keying in connection with the criminal-damaging charge. (Trial Tr. Vol. II at 202-203.) When discussing the criminal-mischief charge, the prosecutor only mentioned the keying incident. (*Id.* at 207.) Then, in rebuttal, the prosecutor again cited the keying incident in connection with criminal damaging. (*Id.* at 212-213.) Ultimately, the jury returned general verdicts finding Jackson guilty of criminal damaging and criminal mischief. The record contains nothing indicating which conduct (tire puncturing or keying) the jury applied to which charge.[2] And, on this record, either tire puncturing or keying could support a conviction for either criminal damaging or criminal mischief.

{¶ 9} The State's evidence regarding both criminal acts came primarily from the victim. We see no reason why the jury would have ignored one act, or concluded that it did not occur, and relied exclusively on the other act to find Jackson guilty of both charges. Where, as here, the prosecutor presented evidence that supported imposing separate sentences for two distinct criminal acts, we see no plain error in the failure to apply merger. We find no reasonable probability that merger applied because the facts and the law do not support such a conclusion. Although the prosecutor mixed the evidence as it

---

[2] We note that the record lacks a bill of particulars and, despite the assertion in the appellant's brief, we see nothing linking the criminal damaging to the tire puncturing or linking the criminal mischief to the keying incident.

related to each charge in her closing argument, that argument was not evidence. *State v. Wogenstahl*, 150 Ohio St.3d 571, 2017-Ohio-6873, 84 N.E.3d 1008, ¶ 45.

{¶ 10} Jackson's assignment of error is overruled, and the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew D. Sexton
Joyce M. Deitering
Hon. Mia Wortham Spells